# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**DEANDRE DAVIS**                                                                                 **PETITIONER**

**v.**                                                    **No. 2:05CV194-P-A**

**STATE OF MISSISSIPPI, ET AL.**                                          **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the September 19, 2005, *pro se* petition of DeAndre Davis for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state moved on January 13, 2006, to dismiss the petition for failure to exhaust Ground Three. The petitioner has responded, requesting the court to stay his federal *habeas corpus* case and hold it in abeyance until he can exhaust Ground Three in state court. For the reasons set forth below, the court shall defer ruling on the instant petition, giving the petitioner thirty days to amend his petition to exclude the unexhausted claim. Should the petitioner fail to amend the petition within thirty days, the entire petition shall be dismissed for failure to exhaust.

### Facts and Procedural Posture

On April 9, 2003, the petitioner was convicted of one count of murder, one count of armed robbery and one count of arson in the Circuit Court of Tunica County, Mississippi and sentenced to serve consecutive terms of life imprisonment for murder and armed robbery in addition to a consecutive term of three (3) years for arson in the custody of the Mississippi Department of Corrections. The petitioner appealed his conviction and sentence to the Mississippi Supreme Court, assigning as error the following (set forth verbatim below):

    A.      Admission of the Opinion of Unqualified Witness Error;

      B.      Court Erred in Limiting Defense Cross Examination of two of State's Witnesses;

      C.      Prosecutorial Misconduct; and

      D.      Error in Admitting Picture of Deceased.

On November 9, 2004, the Mississippi Court of Appeals affirmed the petitioner's conviction and sentences in a published opinion. *Davis v. State*, 904 So. 2d 1212 (Miss. App. 2004)(Cause No. 2003-KA-00981-COA), *cert. denied*, April 21, 2005. The petitioner filed a motion for rehearing on January 21, 2005, which was denied by the court of appeals as untimely filed pursuant to Mississippi Rule of Appellate Procedure 40(a) on January 25, 2005. The petitioner then filed a petition for a writ of *certiorari* to the Mississippi Supreme Court, which the Mississippi Supreme Court denied because the petitioner had failed to file a timely motion for rehearing. The petitioner did not file a petition for post-conviction relief.

In the instant federal petition for a writ of *habeas corpus*, the petitioner raises the following four claims:

    **Ground One** - (5th Amend. Due Process Clause), Prosecutorial Misconduct.

    **Ground Two** - (6th Amend. Confrontation Clause), Unfairly limited to cross - Thompson & Briggs.

    **Ground Three** - (5th Amend. Due Process Clause), State failed to provide sufficient evidence to support verdict of guilty or jury verdict against the weight of the evidence.

    **Ground Four** - (5th Amend. Due Process), Allowing Pre-Death Photograph of Victim into Evidence.

## Discussion

The petitioner did not exhaust his claim in Ground Three in state court. The petitioner filed a motion for rehearing in the Mississippi Court of Appeals, which that court denied as

untimely. A timely motion for rehearing in the Mississippi Court of Appeals is a prerequisite to file a petition for a writ of *certiorari* in the Mississippi Supreme Court. As such, the petitioner never presented his claim in Ground Three (insufficiency of the evidence) to the Mississippi Supreme Court.

## The Petitioner's Options

The petitioner has two options. First, he can exhaust Ground Three through the Mississippi Uniform Post-Conviction Collateral Relief Act, MISS. CODE ANN. §§ 99-39-1, *et seq*. Specifically, §99-39-5 provides:

> (2)  A motion for relief under this chapter shall be made within three (3) years after the time in which the prisoner's direct appeal is ruled upon by the Supreme Court of Mississippi . . . . (exceptions omitted).

The petitioner has three years from the date his conviction became final to file for relief on that claim under MISS. CODE ANN. § 99-39-1, *et seq.* He could thus proceed to state court to pursue the claim in Ground Three there. That option would, however, preclude the petitioner from future federal *habeas corpus* review of his federal claims due to one-year period of limitations, which expired November 23, 2005.

The petitioner has requested, instead, that the court stay his federal case to give him the opportunity to pursue Ground Three in state court and return to federal court to pursue *all* grounds for relief set forth in his federal petition under the guidelines set forth in *Rhines v. Weber*, 125 S.Ct. 1528 (2005). While *Rhines* gives federal district courts some discretion to grant such relief, the circumstances under which a court may exercise that discretion are limited:

> Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate *when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court*.

*Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528 (2005) (emphasis added). The petitioner has not, however, proved – or even alleged – good cause for his failure to exhaust Ground Three before filing the instant petition in federal court. As such, the court may not stay the case and hold it in abeyance as the petitioner has requested.

## Conclusion

The petitioner has two choices: (1) leave his current petition unchanged and seek relief for Ground Three in state court – thus losing all opportunity to pursue any of his claims in federal court, or (2) amend his current petition to exclude his unexhausted claim, proceed in federal court with his three exhausted claims, and simultaneously seek relief for Ground Three in state court. Under his first option, the petitioner would lose all opportunity for federal review of any of his claims, and the state courts would review Ground Three. With his second option, the petitioner would place three of his four claims up for federal review, and Ground Three would be reviewed by the state courts only. The choice lies with the petitioner.

In sum, the petitioner has thirty days from the date of this order to amend his federal petition for a writ of *habeas corpus* to exclude the unexhausted claims. If the petitioner does not so amend his petition, then it shall be dismissed in its entirety for failure to exhaust. An order consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 17th day of March, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE